UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| CITIMORTGAGE, INC., | : | CASE NO. 1:07-cv-00814 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No. 30.] |
| SOFIJA BALNOZAN, | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court addresses Defendant Sofija Balnozan's motion to stop the foreclosure sale. [Doc. 30.]

For the reasons stated below, the Court **DENIES** the Defendant's motion.

**I. Background**

The Plaintiff filed a foreclosure complaint against the Defendant on March 19, 2007. [Doc. 1.] On May 22, 2007, the Deputy Clerk entered a default in favor of the Plaintiff because of the Defendant's failure to plead or otherwise defend in this case pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Doc. 12.] The Court then stayed the case due to the Defendant's bankruptcy proceedings. [Doc. 17.] The Court lifted the stay and reopened the case on August 28, 2007 after the dismissal of the Defendant's bankruptcy case. [Doc. 19.]

In response to the Plaintiff's motion for a default judgment, the Court entered a judgment and

Case No. 1:07-cv-00814
Gwin, J.

decree of foreclosure and terminated this case on October 26, 2007. [Docs. 22, 23.] On November 19, 2007, the Court appointed and ordered the Master Commissioner to proceed with the foreclosure sale. [Doc. 25.]

On March 13, 2008, the Defendant filed a motion to stop the foreclosure sale. [Doc. 30.] With her request, the Defendant attached a document alleging illegal and deceptive lending practices related to her property. [Doc. 30-2.] Joseph Bisogno and Jack Conte, from the Loan Compliance Advisory Group, apparently helped the Defendant file this attached document with Citi Financial Mortgage on February 28, 2008. *Id.* The Defendant, again with the assistance of the Loan Compliance Advisory Group, has also faxed and mailed the Court similar materials that the Court now files on the docket. These materials indicate that the Loan Compliance Advisory Group, on behalf of the Defendant, has filed complaints with various federal and state agencies regarding the Defendant's allegations.

The Plaintiff never responded to the Defendant's motion.

The foreclosure sale took place on March 17, 2008. [Doc. 31.]

## II. Discussion

Rule 55 of the Federal Rules of Civil Procedure provides:

**Setting Aside a Default or a Default Judgment.**
The Court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

FED. R. CIV. P. 55(c). The Court entered a default judgment against the Defendant on October 26, 2007. [Docs. 22, 23.] The Defendant is bound by that judgment unless she overcomes the high hurdle of convincing the Court that she has "grounds for relief from a final judgment, order or

Case No. 1:07-cv-00814
Gwin, J.

proceeding" under Rule 60(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 60(b). The Defendant has not submitted such a motion, and therefore, the judgment in this case stands.

To the extent the Defendant suggests Real Estate Settlement Procedures Act (RESPA) and other violations on the part of the Plaintiff with her correspondence to the Court, the Defendant must decide how to challenge these alleged violations going forward whether that be through the appropriate federal, state and local agencies or through the court system.[1]

### III. Conclusion

For the reasons described above, the Court **DENIES** the Defendant's motion to stop the foreclosure sale.

IT IS SO ORDERED.

Dated: April 18, 2008          s/ *James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE

---

[1] The Legal Aid Society of Cleveland may be able to provide legal assistance or referrals for the Defendant in helping her to determine how to proceed.